UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CARLOS A. McGREW**<br>     **LA. DOC #413135**<br>**VS.** | **CIVIL ACTION NO. 5:13-cv-0738**<br><br>**SECTION P**<br><br>**JUDGE ELIZABETH E. FOOTE** |
| **WARDEN JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

*Pro se* plaintiff Carlos A. McGrew, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 3, 2013.  Therein, plaintiff, along with other inmates housed at the David Wade Corrections Center (DWCC) complained of conditions of confinement at that prison. On April 25, 2013, plaintiff submitted an application to proceed *in forma pauperis* in which he denied, under penalty of perjury, having brought any action in federal court as a prisoner, that was ultimately dismissed as frivolous, malicious, or failing to state a claim for which relief may be granted. [Doc. 5, ¶ 7] Based upon those assertions, plaintiff was permitted to proceed *in forma pauperis* on April 29, 2013. [Doc. 9]

Notwithstanding plaintiff's sworn assertion to the contrary, a review of the records of the United States District Court for the Middle District of Louisiana reveals that on more than three occasions, while a prisoner, McGrew filed civil actions which were dismissed as frivolous or for failing to state a claim and, that he has been barred by that Court from proceeding *in forma*

*pauperis* [1] pursuant to the provisions of 28 U.S.C. §1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is aware of this provision since, as noted above, it has been invoked to bar him from proceeding *in forma pauperis* in the Middle District of Louisiana.

Plaintiff, along with numerous other inmates, have complained about the general conditions of confinement at DWDD. Neither he nor his co-plaintiffs have alleged that he is in imminent danger of serious physical injury. As the Third Circuit Court of Appeals has noted, "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307 at 315 (3d Cir.2001) (citing Webster's II New Riverside University Dictionary 611 (1984)). A prisoner who has been sanctioned pursuant to § 1915(g) is entitled to proceed only if he is in imminent danger "... at the time he seeks to file his suit in district court..." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Thus, allegations that a prisoner has faced danger in the past are insufficient to trigger the "imminent danger" exception of §1915(g). Compare *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Here, plaintiff offers nothing to establish immanent danger.

Further, plaintiff has attempted to perpetrate a fraud upon the Court by submitting a fraudulent accounts statement and, by failing to alert the Court that he has accumulated more

---

[1] See *Carlos A. McGrew v. Marks Allen*, Civil Action 3:12-cv-0227 and the civil actions cited therein at footnote 1.

than three strikes and is thus ineligible to proceed *in forma pauperis*. Plaintiff is thus not eligible to proceed *in forma pauperis* in this matter. Therefore,

The April 29, 2013, order granting McGrew *in forma pauperis* status [Doc. 9] is hereby **REVOKED** and **RESCINDED;**

In order for this complaint and its associated motions and pleadings to remain viable, McGrew must pay the **full filing fee of $400.00 (four hundred dollars) within fourteen (14) days from the date of this order**. **FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN HIS PLEADINGS BEING DISMISSED AND STRICKEN FROM THE RECORD.**

Further, McGrew is advised: **FUTURE ATTEMPTS TO COMMIT A FRAUD UPON THIS COURT WILL RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS.**

Finally, the Clerk of the Court is directed to send a copy of this Order to the Keeper of the Three Strikes List, Tyler, Texas.

**THUS DONE AND SIGNED** in Chambers, in Monroe, Louisiana this 13th day of August, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE